IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON TATE, | ) |
|     Plaintiff, | )    Civil Action No. 09-183 Erie |
| | ) |
| v. | ) |
| | ) |
| C.O. KUBANEY, et al, | )    Magistrate Judge Susan Paradise Baxter |
|     Defendants. | ) |

MEMORANDUM OPINION
On Defendant Brooks' Motion to Dismiss

Magistrate Judge Susan Paradise Baxter[1]

### A. Relevant Procedural History

Plaintiff Jason Tate, acting *pro se*, initiated this civil rights action on July 24, 2009. Plaintiff alleges that during a period of incarceration at SCI-Albion, Defendants violated his constitutional rights under the First, Eighth and Fourteenth Amendments in various ways. Plaintiff originally named Correctional Officer Sgt. Kubaney, Correctional Officer Boyd, Superintendent Brooks, and the "Department of Corrections Albion" as Defendants to this action.

Later, Plaintiff retained counsel, who filed an Amended Complaint on Plaintiff's behalf on October 25, 2010, clarifying his claims for relief and eliminating the Department of Corrections as a defendant. Plaintiff alleges that he was assaulted by Defendant Kubaney and

---

[1]   In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

that the other Commonwealth Defendants bear some responsibility for that assault and the subsequent retaliation he suffered.[2]  Plaintiff advances three claims under § 1983: an excessive force claim against Kubaney, Brooks, and Boyd; a violation of liberty interest in personal security under the Fourteenth Amendment against Kubaney and Brooks and Boyd; and an unlawful retaliation against Brooks.  Further, Plaintiff advances a claim of assault, battery, and willful misconduct sounding in state tort law against Defendant Kubaney.

Defendant Kubaney is represented by private counsel, while the remaining Defendants are represented by the Attorney General of the Commonwealth.

In response to the Amended Complaint, Defendants Boyd and Brooks, represented by the Attorney General's office, filed a motion to dismiss.  ECF No. 36.  Thereafter, Plaintiff voluntarily withdrew all of his claims against Defendant Boyd.  See ECF No. 42, 43, and Text Order dated January 3, 2011.  Presently pending before this Court is Defendant Brooks' motion to dismiss [ECF No. 36] and Plaintiff's motion for partial summary judgment against Defendant Kubaney [ECF No. 44]. This Memorandum Opinion limits itself to Defendant Brooks' motion to dismiss and a separate Memorandum Opinion will be issued as to Plaintiff's motion for summary judgment.

This pending motion has been fully briefed and is ripe for disposition by this Court.

**B. Standard of Review on Motion to Dismiss pursuant to 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint

---

[2] Following a jury trial, Defendant Kubaney was ultimately convicted of simple assault and harassment and his employment with the Department of Corrections was terminated.

must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit subsequently expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.  This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  **First, the factual and legal elements of a claim should be separated.  The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.**  A complaint has to 'show' such an entitlement with its facts.  As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.'  This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11(3d Cir. 2009) (emphasis added) (internal citations omitted).

### C. Defendant Brooks' Motion to Dismiss[3]

---

[3] According to the Amended Complaint, Plaintiff advances all three of his §1983 claims against Defendant Brooks.  Plaintiff alleges: 1) that Defendant Brooks was liable for Defendant Kubaney's excessive use force against him; 2) that Defendant Brooks was liable for the intrusion of Plaintiff's personal security by failing to isolate Kubaney from inmates; and 3) that Defendant Brooks is liable for the retaliation Plaintiff suffered, specifically the investigation and his subsequent placement in RHU for 30 days.  ECF No. 35.

In his Opposition Brief, Plaintiff admits that there is insufficient evidence to support the imposition of liability as to the Eighth Amendment deliberate indifference claim and withdraws it. ECF No. 43, page 2-3.  Later, at a Status Conference, Plaintiff clarified on the record that the

4

Plaintiff's retaliation claim is advanced only against Defendant Brooks. Plaintiff alleges that in retaliation for filing a report of the physical assault by Kubaney, he became the subject of an investigation and was placed in the solitary RHU for thirty days. ECF No. 35, ¶ 65-66. Further, in regard to Defendant Brooks, Plaintiff alleges that she bears responsibility for the retaliation because "[a]s the Superintendent," she was "the ultimate and final authority in the decision to confine the Plaintiff."[4] Id. at ¶ 68.

It is well settled that retaliation for the exercise of a constitutionally protected right is itself a violation of rights secured by the Constitution, which is actionable under § 1983. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). "Government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). See also Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997) ("[A]n otherwise legitimate and constitutional government act can become unconstitutional when an individual demonstrates that it was undertaken in retaliation for his

---

only claim against Defendant Brooks is the First Amendment retaliation claim, indicating he was no longer pursuing the Fourteenth Amendment claim. ECF No. 48.
   So then, this Court will limit its analysis and discussion to the retaliation claim only.

[4] Plaintiff's claims sound in vicarious liability as Plaintiff has not alleged that Defendant Brooks had any personal involvement with Plaintiff's placement into administrative custody. His claims also fail on this basis as when a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988).

exercise of First Amendment speech."). However, merely alleging the fact of retaliation is insufficient. In order to state a *prima facie* case of retaliation, it is a plaintiff's burden to show:

> (1) the conduct which led to the alleged retaliatory conduct was constitutionally protected;
>
> (2) that he was subjected to adverse action; and
>
> (3) the constitutionally protected activity was a substantial or motivating factor in the state actor's decision to take the adverse action.

Rauser, 241 F.3d at 333. See e.g., Mt. Healthy City School Dist.Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Anderson, 125 F.3d at 163.[5]

If a plaintiff shows these three elements, the burden shifts to defendants to prove that they would have taken the same action without the unconstitutional factors. Mt. Healthy, 429 U.S. at 287. "This means that, once a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

Here, Defendant Brooks explains that in accord with DC-ADM policy, Plaintiff was placed into Administrative Custody or RHU for his own protection following the assault. This Court is well aware that this is routine procedure following assaults. The motivating factor on Plaintiff's placement into Administrative Custody (the alleged "adverse action") was to

---

[5] Because retaliation claims can be easily fabricated, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

investigate the assault and to protect Plaintiff.[6]   Because Plaintiff has not adequately alleged a *prima facie* case of retaliation, the motion to dismiss will be granted.

      An appropriate Order follows.

---

[6] Following his thirty days in RHU, Plaintiff was transferred to another prison.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON TATE, | ) | |
|     Plaintiff, | ) | Civil Action No. 09-183 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| C.O. KUBANEY, et al, | ) | Magistrate Judge Susan Paradise Baxter |
|     Defendants. | ) | |

**O R D E R**

AND NOW, this 26th day of September, 2011;

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants Boyd and Brooks [ECF No. 36] is GRANTED. The Clerk of Courts is directed to terminate Defendant Brooks as a party to this lawsuit. No action is required as to Defendant Boyd because Plaintiff previously withdrew his claims against him.

                                                                    /s/ Susan Paradise Baxter
                                                                    SUSAN PARADISE BAXTER
                                                                      United States Magistrate Judge