IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON TATE, | ) | |
|     Plaintiff, | ) | Civil Action No. 09-183 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| C.O. KUBANEY, et al, | ) | Magistrate Judge Susan Paradise Baxter |
|     Defendants. | ) | |

MEMORANDUM OPINION
On Plaintiff's Partial Motion for Summary Judgment
Against Defendant Kubaney

Magistrate Judge Susan Paradise Baxter[1]

### A. Relevant Procedural History

Plaintiff Jason Tate, acting *pro se*, initiated this civil rights action on July 24, 2009. Plaintiff alleges that during a period of incarceration at SCI-Albion, Defendants violated his constitutional rights in various ways. Plaintiff originally named Correctional Officer Sgt. Kubaney, Correctional Officer Boyd, Superintendent Brooks, and the "Department of Corrections Albion" as Defendants to this action.

Later, Plaintiff retained counsel, who filed an Amended Complaint on Plaintiff's behalf on October 25, 2010, clarifying his claims for relief and eliminating the Department of Corrections as a defendant. Plaintiff alleges that he was assaulted by Defendant Kubaney and

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

that the other Commonwealth Defendants bear some responsibility for that assault and the subsequent retaliation he suffered.[2] Plaintiff advances three claims under § 1983: an excessive force claim under the Eighth Amendment against Kubaney, Brooks, and Boyd; a violation of liberty interest in personal security under the Fourteenth Amendment against Kubaney and Brooks and Boyd; and an unlawful retaliation against Brooks. Further, Plaintiff advances a claim of assault, battery, and willful misconduct sounding in state tort law against Defendant Kubaney.

Defendant Kubaney is represented by private counsel, while the remaining Defendants are represented by the Attorney General of the Commonwealth.

Presently pending before this Court is Defendant Brooks' motion to dismiss [ECF No. 36] and Plaintiff's motion for partial summary judgment against Defendant Kubaney [ECF No. 44]. This Memorandum Opinion limits itself to Plaintiff's partial motion for summary judgment against Defendant Kubaney. Defendant Kubaney has failed to file a brief in opposition to the pending motion for summary judgment against him, despite being notified of the opportunity to do so. ECF No. 48. Additionally, Kubaney has failed to file an Answer to the Amended Complaint, but Plaintiff has not moved for the entry of default.

### B. Standard of Review on Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party

---

[2] Following a jury trial, Defendant Kubaney was ultimately convicted of simple assault and harassment and his employment with the Department of Corrections was terminated.

2

opposing summary judgment. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 381 Fed.Appx 211, 213 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

Further, under the Local Rules of this Court, within 30 days of the filing of a motion for summary judgment, the opposing party must file: 1) a Responsive Concise Statement; 2) a Memorandum in Opposition; and 3) an Appendix. W.D. Pa.L.R. 56. A litigant's failure to file the required opposition and responsive concise statement works to his detriment. "[A]lleged material facts set forth in the moving party's Concise Statement of Material Facts […] which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be

3

deemed admitted unless specifically denied …" Id. at (e).  See also Carnegie Mellon University v. Marvell Technology Group, Ltd., 2011 WL 1044652, at *3 (W.D. Pa. Mar.18, 2011); 84 Lumber Co., L.P. v. Bryan Const.Co., 2011 WL 666209, at *5 (W.D. Pa. Feb. 14, 2011). Because Defendant Kubaney has failed to file an opposition brief or a responsive concise statement, the material facts set forth in Plaintiff's statement are deemed admitted.

### C. Plaintiff's Motion for Summary Judgment against Defendant Kubaney

Plaintiff seeks summary judgment in his favor through the use of offensive collateral estoppel[3]. Plaintiff argues that because Defendant Kubaney has been convicted of criminal assault for the incident in question, this Court need not engage in further analysis as to the constitutional claims here. In other words, Plaintiff argues, that because a jury found beyond a reasonable doubt that Kubaney (either intentionally, knowingly, or recklessly) subjected Plaintiff to bodily injury without justification, Plaintiff has demonstrated that Kubaney violated Plaintiff's Eighth Amendment rights.[4]

---

[3] Collateral estoppel, or issue preclusion, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided…" Migra v. Warren City Sch. Dist. Bd. Of Educ., 465 U.S. 75, 77 n.1 (1984). The doctrine of collateral estoppel, or issue preclusion, applies where the following four prongs are met: (1) an issue of law or fact decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. Lynch v. City of Phila, 2011 WL 3174124, at *2 (3d Cir. Jul.26, 2011) citing Shuder v. McDonald's Corp., 859 F.2d 266, 273 (3d Cir. 1988). Because the facts are deemed admitted by Plaintiff's failure to file an opposition brief or a responsive concise statement, this Court need not reach the arguments regarding the doctrine of offensive collateral estoppel.

[4] Where a due process claim is identical to an Eighth Amendment claim, the plaintiff must "bring the claim pursuant to the more explicit constitutional amendment." Ordonez v. Yost, 289 Fed.Appx 553, 555 (3d Cir. 2008) citing Graham v. Connor, 490 U.S. 386, 395 (1989). Accordingly, this Court need only address Plaintiff's Eighth Amendment claim and will not address the duplicative Fourteenth Amendment due process claim.

4

The Eighth Amendment prohibits prison staff from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 8 (1992). In making this determination, the central question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7; see also Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002) (referring to this "central question" as the "pivotal inquiry.").[5] Summary judgment in favor of a defendant will not be appropriate if "it appears that the evidence […] will support a reliable inference of wantonness in the infliction of pain." Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000).

In his Concise Statement of Material Facts (which is deemed admitted pursuant to Local Rule 56), Plaintiff states:

- On June 12, 2008, Defendant Kubaney was convicted for the simple assault of Plaintiff Jason Tate.

- The assault consisted of a punch to Mr. Tate's left eye, as well as having his head slammed against a wall.

- The elements of the conviction required a finding that Defendant Kubaney subjected Mr. Tate to bodily injury in an intentional, knowing, or reckless manner.

- At a minimum, the jury was required to find that Defendant Kubaney acted with conscious disregard to an unjustifiable risk of bodily harm to Mr. Tate.

- The jury was required to find, beyond reasonable doubt, that Defendant Kubaney's actions were not justified by self-defense.

---

[5] Typically several factors guide this inquiry, including: (1) 'the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used;' (3) 'the extent of injury inflicted;' (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them;' and (5) 'any efforts made to temper the severity of a forceful response.' " Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) quoting Whitley v. Albers, 475 U.S. 312, 321 (1986).

5

ECF No. 46.  As explained previously, these facts are deemed admitted.  As such, Plaintiff has established that the force used against Plaintiff was not applied in "a good-faith effort to maintain or restore discipline."  See Brooks, 204 F.2d at 106.  Accordingly, the motion for summary judgment will be granted as to the Eighth Amendment claim.

Next, Plaintiff moves for summary judgment on his state law tort claims of battery and willful misconduct.  A battery occurs when a person acts intentionally and cause a harmful contact with another person, and willful misconduct occurs when a person acts with reckless disregard for the safety of another.  See Restatement (Second) of Torts § 13, § 500.   Again, because of the facts deemed admitted here, summary judgment will be granted in favor of Plaintiff.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON TATE, | ) | |
|     Plaintiff, | ) | Civil Action No. 09-183 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| C.O. KUBANEY, et al, | ) | Magistrate Judge Susan Paradise Baxter |
|     Defendants. | ) | |

**O R D E R**

AND NOW, this 26th day of September, 2011;

IT IS HEREBY ORDERED that the motion for partial summary judgment filed by Plaintiff [ECF No. 44] is GRANTED. The Clerk of Courts is directed to enter judgment against Defendant Kubaney as to the Eighth Amendment claim, as well as the battery and willful misconduct tort claims.

                                                            /s/ Susan Paradise Baxter
                                                            SUSAN PARADISE BAXTER
                                                             United States Magistrate Judge