# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON TATE | ) | |
|     Plaintiff, | ) | Civil Action No. 09-183Erie |
| | ) | |
| v. | ) | |
| | ) | |
| SGT KUBANEY, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

This civil rights action was filed in this Court on July 24, 2009. Plaintiff, through his counsel, brought this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated during his incarceration.

For the past several months, Plaintiff's counsel has been unable to contact Plaintiff due to his placement in a halfway house and Plaintiff has not informed counsel or this Court of his whereabouts. See ECF No. 68, 69. This case has been ready for trial for some time, but cannot proceed without Plaintiff.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868.

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Over the past several months, Plaintiff has taken none of the necessary steps to prosecute this case. Trial was scheduled for March of 2012, yet Plaintiff's whereabouts and his failure to timely communicate with his counsel has delayed the resolution of this matter. The repeated delays in this regard are prejudicial to Defendant. Plaintiff bears all of the responsibility for any failure in his communication with his own counsel. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although the merits of the claim against Defendant Kubaney are meritorious (given that he was convicted by a state court of crimes which mirror the civil rights violations at issue in this case), this case cannot proceed without Plaintiff's participation. See Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988) (not all of the Poulis factors need to weigh in favor of dismissal before dismissal is warranted).

Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON TATE | ) | |
|     Plaintiff, | ) | Civil Action No. 09-183Erie |
| | ) | |
|     v. | ) | |
| | ) | |
| SGT KUBANEY, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**O R D E R**

AND NOW, this 5th day of September, 2012;

IT IS HEREBY ORDERED that this case is dismissed due to Plaintiff's failure to prosecute.

The Clerk of Court is directed to close this case.

    /s/ Susan Paradise Baxter
    SUSAN PARADISE BAXTER
    United States Magistrate Judge